UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| D'ANDRE ALEXANDER | * | CIVIL ACTION NO.: |
| Plaintiff | * | |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| FLOYD'S INC., NATIONAL CONTINENTAL | * | MAG. JUDGE |
| INSURANCE COMPANY AND JOHN DOE | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, National Continental Insurance Company ("NCIC"), without waiving any of its defenses or objections, respectfully submits this Notice of Removal of the above-styled matter, which was originally filed in the 26th Judicial District Court for the Parish of Bossier, State of Louisiana. The specific grounds for removal are as follows:

### I. BACKGROUND

1.

This action began on December 8, 2021, when Plaintiff, D'Andre Alexander, filed a Petition for Damages in the 26th Judicial District Court for the Parish of Bossier, State of Louisiana, entitled *D'Andre Alexander versus Floyd's Inc., National Continental Insurance Company & John Doe*, bearing civil action number C-166326.[1]

---

[1] *See generally*, Copies of All Process, Pleadings, and Orders Served on Defendant, attached hereto as Exhibit A.

2.

As discussed more fully in Section III, *infra*, this Notice of Removal has been timely filed under 28 U.S.C. § 1446(b)(1) within 30 days of receipt by NCIC of a copy of the state court pleading "setting forth the claim for relief upon which such action or proceeding is based."[2]

3.

Venue for this removal is proper because the United States District Court for the Western District of Louisiana is the district court embracing Bossier Parish, Louisiana—where the state court action is pending.[3]

## II. GROUNDS FOR REMOVAL—DIVERSITY OF CITIZENSHIP JUDISDICTION

4.

This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because (1) there exists complete diversity of citizenship between Plaintiff and Defendants and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is properly removable under 28 U.S.C. § 1441.

### A. Complete Diversity of Citizenship

5.

Plaintiff is a natural person domiciled in Louisiana.[4] For purposes of federal diversity jurisdiction, a natural person is deemed to be a citizen of the state where he or she is domiciled.[5] In the case at bar, the Petition for Damages states that Plaintiff is domiciled in Webster Parish,

---

[2] *See* Section III, *infra*.

[3] *See* 28 U.S.C. § 1441; 28 U.S.C. § 98(c).

[4] *See* Petition for Damages, Ex. A.

[5] *See Freeman v. NW Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985); *see also Hendry v. Masonite Corp.*, 455 F.2d 955, 955 (5th Cir. 1972) ("For purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous").

State of Louisiana.[6] Thus, under the principles set forth above, Plaintiff is a citizen of the State of Louisiana for purposes of diversity jurisdiction.

6.

A corporation is deemed a citizen of every State by which it has been incorporated and of the State where it has its principal place of business.[7]

7.

NCIC is a New York corporation with its principal place of business in the State of Ohio. Thus, NCIC is a citizen of the State of New York and the State of Ohio for purposes of diversity jurisdiction.

8.

Floyd Inc. is incorporated in the State of Illinois with its principal place of business in the State of Illinois. Thus, Floyd is a citizen of the State of Illinois for purposes of diversity jurisdiction.

9.

In determining whether a civil action is removable pursuant to 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded.[8] Accordingly, the citizenship of John Doe should not be considered.

10.

The complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied in this case because Plaintiff does not share citizenship with any Defendant.

---

[6] *See* Petition for Damages, Ex. A, at p. 1.
[7] *See* 28 U.S.C. § 1332(c)(1).
[8] *See* 28 U.S.C. § 1441(b)(1).

## B. Amount in Controversy

11.

Under federal statute, if the state in which a suit is removed does not permit demand for a specific sum, removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.[9] Because Louisiana law states that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand,"[10] a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount.[11] The removing party may meet its burden of proof by (1) showing "it is apparent from the face of the petition that the claims are likely to exceed $75,000," or (2) establishing "summary judgment type evidence" to support a finding that the amount exceeds $75,000.[12] To that end, a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation.[13] However, if is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulation, and amendments reducing the amount do not deprive the district court of jurisdiction.[14]

---

[9] *See* 28 U.S.C. § 1446(c)(2)(A)(ii)-(B).
[10] *See* La. Code Civ. Pro. art. 893.
[11] *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000) (*citing* La. Code Civ. Pro. art. 893, *and Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999) (*quoting Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).
[12] *See, e.g., Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[13] *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014).
[14] *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) (ruling that if the defendant is successful, the plaintiff seeking remand must "show that, as a matter of law, it is certain that he will not be able to recover more than the" statutory amount.).

A court's determination of whether the amount in controversy requirement is facially apparent from a petition should focus on the categories of alleged injuries and damages as well as the tortious nature of the plaintiff's claim.[15]

12.

Here, Plaintiff alleges in his Petition for Damages that he suffered damages extensive enough for this Court to find the requisite amount in controversy facially apparent. Plaintiff claims that while traveling on Interstate 20 in Bossier Parish his vehicle was struck by a tractor-trailer owned by Floyd, Inc. and insured by NCIC. Plaintiff alleges that he has suffered extensive damages including: past, present and future pain and suffering, mental anguish, loss of earning capacity, loss of enjoyment of life, medical expenses and permanent disability.[16]

13.

In addition to satisfying the facially apparent test, Plaintiff's Petition for Damages lacks any general allegation that the monetary value of the case is less than the amount required under 28 U.S.C. § 1332(a) for federal diversity jurisdiction.[17] According to Louisiana Code of Civil Procedure Article 893, such a general allegation is "required" to establish "the lack of jurisdiction of federal courts due to insufficiency of damages."[18] Given the mandatory language of that article, a number of Fifth Circuit courts have held that a plaintiff "creates a strong presumption in favor of [diversity] jurisdiction" by failing to generally allege that his or her damages are insufficient for

---

[15] *See generally, Luckett*, 171 F.3d at 298.
[16] *See* Petition for Damages, Ex. A.
[17] *See generally* Pls.' Petition for Damages, Ex. A.
[18] *See* La. Code Civ. Proc. art. 893(A)(1) The full text of the subsection reads: "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required." *Id.*

an exercise of such jurisdiction.[19] Indeed, a plaintiff's failure to comply with the requirements of Article 893 is an important consideration in determining the sufficiency of the amount in controversy at the time of removal.[20] Thus, Plaintiff's failure to include any general allegation in his Petition for Damages regarding the monetary value of his claims stands as further evidence that the amount in controversy exceeds $75,000.

14.

For each of the foregoing reasons, it is apparent from the face of Plaintiff's Petition for Damages that the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

### III. TIMELINESS OF REMOVAL & FORUM-DEFENDANT RULE

15.

NCIC has demonstrated that this Court has original jurisdiction over this case under 28 U.S.C. § 1332(a) because it is a civil action between parties of diverse citizenship wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. Now, NCIC further shows that this removal is timely sought under 28 U.S.C. 1446(b)(1) and does not violate the forum-defendant rule set forth in 28 U.S.C. § 1441(b)(2).

---

[19] *See, e.g., Bruce v. Fisher*, No. 06-0840, 2006 WL 2505908, at *1 (W.D. La. July 13, 2006) (internal citations omitted) (magistrate report and recommendation subsequently adopted in its entirety by district court as legally sound); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (explaining that when state law prohibits the allegation of a specific amount of damages, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their [state court] complaints" renouncing the right to recover damages in excess of $75,000 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)); *see also Raborn v. Con-Way Truckload, Inc.*, No. 15-2969, 2015 WL 6738599, at *3 (E.D. La. Nov. 4, 2015); *Borill v. Centennial Wireless, Inc.*, 872 F. Supp. 2d 522, 528 (W.D. La. 2012).

[20] *Treqknia Bannister v. ACE American Insurance Company, et al.*, No. 16-2830, 2016 WL 2347861, at *2, n. 1 (E.D. La. May 4, 2016) (second footnote "1").

### A. This Removal is Timely Under 28 U.S.C. 1446(b)(1)

16.

The timeliness of a notice of removal is governed by 28 U.S.C. § 1446(b). When a case is removable based solely on the allegations set forth in the plaintiff's initial pleading, that statute requires the notice of removal be filed within 30 days following service on the removing defendant.[21]

17.

The time limitation on removal of a civil action begins to run when the defendant receives notice of the state-court action, not when the state-court action is commenced.[22]

18.

On January 6, 2022, NCIC was served with the state-court action by service on C T Corporation System in Baton Rouge, Louisiana.[23]

19.

This Notice of Removal was filed less than 30 days after NCIC received notice of the state-court action. Accordingly, this Notice of Removal is timely filed.

### B. This Removal Does Not Violate 28 U.S.C. 1441(b)(2)'s Forum-Defendant Rule

20.

The forum-defendant rule is set forth in 28 U.S.C. § 1441(b)(2) and states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title

---

[21] 28 U.S.C. 1446(b)(1); *see also* Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006).

[22] 28 U.S.C. § 1446(b); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992); *see also* Federal Courts Jurisdiction Clarification Act: Hearing Before the Subcomm. on Courts, the Internet, and Intell. Prop. of the H. Comm. on the Judiciary, 109th Cong. (Nov. 15, 2005) (statement of Hon. Janet C. Hall, Member, Comm. on Fed.-State Jurisdiction of the Jud. Conf. of the U.S.) (stating that the rule would apply whether the later-served defendant was a party to the original suit or was brought in by later amendment).

[23] *See* January 6, 2022 Service of Process Transmittal, attached hereto as Ex. B.

7

may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

21.

Here, no properly joined Defendant is a citizen of the State of Louisiana; thus, this removal does not violate the forum-defendant rule.

## IV. CONSENT TO REMOVAL

22.

When a civil action is removed and there are multiple defendants to the state action, all properly joined defendants must join the removal petition.[24]

23.

Floyd, Inc., consents to removal of this action.

## V. PROCEDURAL COMPLIANCE & CONCLUSION

24.

Pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings and orders served upon" NCIC are attached hereto as Exhibit "A."

25.

Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of Court for the 26th Judicial District Court for the Parish of Bossier, State of Louisiana.

26.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information,

---

[24] *See* 28 U.S.C. § 1446; *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422 (5th Cir. 1990).

8

and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

**WHEREFORE**, Defendant, National Continental Insurance Company, respectfully requests that this Court assume full jurisdiction over this matter as provided by law. This Court has jurisdiction over the dispute because all properly joined parties are completely diverse, and the jurisdictional amount has been met.

Respectfully submitted,

/s/ Michael D. Cangelosi
CHARLES V. GIORDANO (#22392)
MICHAEL D. CANGELOSI (#30427)
HEBBLER & GIORDANO, L.L.C.
3501 North Causeway Blvd., Suite 400
Metairie, Louisiana 70002
Telephone: (504) 833-8007
Facsimile: (504) 833-2866
Email: giordano@hebblergiordano.com;
cangelosi@hebblergiordano..com
*Attorneys for National Continental Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on the __2nd__ day of February, 2022, the foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system. I also certify that a copy of the above and foregoing has been forwarded to counsel of record for Plaintiffs by electronic transmission.

/s/ Michael D. Cangelosi

9